# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **LACURTIS W. DUNN** | * | **CIVIL ACTION NO. 17-1418** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **KEITH P. SHARRAH, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b) and Standing Order 3.311, the above-captioned matter was referred to the undersigned magistrate judge for review, report and recommendation. For reasons that follow, it is recommended that plaintiff's claims against the two remaining defendants be remanded to state court for lack of subject matter jurisdiction.

## Background

On July 8, 2016, LaCurtis Dunn was a guest passenger in a City of Monroe pickup truck operated by Leavie Reed, Jr., when the truck was struck by a train operated by Keith Sharrah of the Kansas City Southern Railway Company ("KCS"). On July 10, 2017, Dunn filed the instant suit in the 4th Judicial District Court for the Parish of Ouachita, State of Louisiana to recover damages for injuries that he sustained in the accident against Reed, Sharrah, Brandon Smith (the train conductor), KCS, and the City of Monroe. (Petition for Damages).

On October 31, 2017, KCS removed the suit to federal court on the sole basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal). KCS observed in its notice that, at minimum, plaintiff, Reed, and the City of Monroe shared common Louisiana citizenship. *Id*. To overcome the patent lack of complete diversity between these parties, KCS argued that plaintiff was a City of Monroe employee, and therefore, he had no reasonable possibility of recovery in

tort against his co-employee, Reed, or his employer, City of Monroe. In other words, plaintiff improperly joined these defendants in an effort to defeat federal diversity jurisdiction.

On November 14, 2017, plaintiff, KCS, Sharrah, and Smith entered into a stipulation that resulted in the voluntary dismissal, with prejudice, of plaintiff's claims against the stipulating defendants. (Stipulation of Voluntary Dismissal; [doc. # 5]). Therefore, at this time, the only remaining defendants in this case are plaintiff's purported co-employee, Reed, and employer, City of Monroe, who, per the notice of removal, are immune from suit in tort, and thereby improperly joined.

## **Analysis**

The Fifth Circuit recently held that if a plaintiff improperly joins a non-diverse defendant(s), then the court must dismiss the defendant(s), without prejudice, because it lacks jurisdiction over the non-diverse defendant(s) for purposes of an adjudication on the merits. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir.2016) ("*IEVM*"). In this case, however, plaintiff voluntarily dismissed, with prejudice, his claims against the diverse, removing defendant and its employees. Moreover, the remaining non-diverse defendants have yet to appear in the matter. Under these atypical circumstances, the court is of the opinion that, in lieu of dismissing the non-diverse defendants for lack of subject matter jurisdiction, the more pragmatic course of action is to remand to state court plaintiff's claims against these remaining defendants.[1]

---

[1] This course of action is buttressed by the realization that if the court were to dismiss the claims against the remaining parties, the dismissal would be without prejudice, which means that "plaintiff [would not be] barred by *res judicata* from refiling those claims in state court if he so desire[d]." *IEVM*, 818 F.3d at 202 n.25.

**Conclusion**

For the foregoing reasons, the undersigned finds that the court does not retain subject matter jurisdiction to adjudicate plaintiff's claims against the remaining defendants. 28 U.S.C. § 1332.[2] Accordingly,

IT IS RECOMMENDED that plaintiff's claims against remaining defendants, Leavie E. Reed, Jr. and the City of Monroe, be remanded to the 4th Judicial District Court for the Parish of Ouachita, State of Louisiana. 28 U.S.C. § 1447(c).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL**

---

[2] Federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction. *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999). A lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). Furthermore, a court must raise the issue *sua sponte* if it discovers it lacks subject matter jurisdiction. *Id.* Indeed, 28 U.S.C. § 1447(c) provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

**FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 18th day of December 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE